RAGAN & COMPANY *vs.* HOLTON.

There was sufficient evidence to authorize the verdict in this case.

July 11, 1888.

New trial. Before Judge ·KIBBEE. Pulaski superior court. May term, 1887.

Ragan & Co. brought suit against R. O. Holton and his wife, Martha Holton, on two promissory notes, both dated February 11, one due September 15, and the other October 1, 1886. No plea was filed by Holton. His wife pleaded that she signed only as security for her husband at his

special request, and that the notes were given for a debt of her husband and not her own.

On the trial, the two notes were introduced. R. T. Ragan, one of the plaintiffs, testified that the first note was given to cover an account of Holton for 1885, and the second to cover an account not in existence at its date but to be made during 1886 on the credit of Mrs. Holton alone. Three or four days before the date of the notes, Ragan met Holton on the streets of Hawkinsville, and being unable to collect the past due account of 1885, told him that the firm would not credit him any more, but if he would secure the 1885 account, they would let his wife have $100 worth of goods on her credit during 1886. Holton said he would see what could be done. In a few days, he brought the notes to plaintiffs and told them it was all right, and that his wife would become responsible for $100 worth of goods during 1886. With this understanding, they let her have, during that year, $100 worth of goods, consisting of flour, etc., and other necessary articles for running a farm. The goods were charged on the books to her only, and would not have been sold to Holton on credit. The understanding was had with Holton alone, his wife not being present; he carried the goods from the store, the first on February 13, and the remainder during the succeeding four or five months. The firm had no authority from Mrs. Holton to charge the goods to her. A bolt of cloth was brought back to the store by Holton during the year, with the statement that his wife sent it back and thought too much had been charged for it. This witness was corroborated by J. H. Lee, bookkeeper for the firm; and the books of original entry, showing the charges of the articles against Mrs. Holton, were introduced.

Mrs. Holton testified that she was the wife of R. O. Holton; that he asked her to sign the notes only as security, and she so signed them for the debt due by him on account; that she never herself created any debt with plaintiffs or authorized any one else to do so for her; that she owned the place on which she lived with her husband and family,

together with all the mules, stock, etc. on it, and all the produce raised on it belonged to her · that her husband had no property; and that he bought the goods, she did not know who from, and they were used on the farm by herself and family in 1886. Her husband testified that he asked his wife to sign the two notes as security for him; never intimated to her to sign them in any other capacity, and she signed them as security only; she was never asked and never agreed to become primarily responsible to plaintiffs for the whole or any part of the consideration of the notes, and witness never told them that she would become responsible for anything at any time; he was buying the goods on his own credit, and told plaintiffs that his wife signed as security only. The place on which he and his wife lived, as well as all the personal property and the crop and produce raised, belonged to her; he himself had nothing. He managed the farming interests for her, bought goods for the place and sold its proceeds. Ragan told him that he (Ragan) had made arrangements with a bank to get money and wanted collateral; and asked witness to get notes with security, stating that if he would do so, the firm would furnish him for 1886. The first time witness knew the goods were charged to his wife was when the account was presented to him. He was not agent for his wife, and had no authority to purchase goods and have them charged to her. The goods purchased were used by witness and his wife, children and hands, on the farm in 1885 and 1886.

The jury found for Mrs. Holton and against Holton as to the entire debt. The plaintiffs moved for a new trial on the grounds that the verdict was contrary to law, evidence and the charge of the court. The motion was overruled, and they excepted.

M. T. Hodge by J. H. Lumpkin, Harrison & Peeples, Martin & Cochran and L. C. Ryan, for plaintiffs in error.

A. C. Pate, *contra.*

SIMMONS, Justice.

Ragan & Co. sued Holton and his wife upon two promissory notes. The husband filed no plea; the wife filed a plea that she was only security on the notes for her husband. Upon the trial of the case, the jury, under the charge of the court, found in favor of the plaintiffs against Holton, the husband, but found in favor of the plea of the wife that she was security and not principal. The plaintiffs moved for a new trial on the ground that the verdict was contrary to law and to the evidence. The court refused to grant the motion, and the plaintiffs excepted.

There was no error in the refusal of the court to grant a new trial. The testimony was conflicting as to whether Mrs. Holton was principal or security. The jury believed the testimony of Mrs. Holton and her witnesses in preference to that of the plaintiffs and their witnesses; which, under our law, they had a right to do. If they believed the evidence of Mrs. Holton and her witnesses, the evidence was amply sufficient to authorize the verdict. And as the court below was satisfied with the verdict, we will not interfere with its judgment refusing a new trial.

Judgment affirmed.